IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| DANIEL HUBERT ROSS and <br> AUDREY DELORIS ROSS, <br><br> Plaintiffs, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | * <br> * <br> * <br> * <br> *    Civil No. DKC 14-2967 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

************

## REPORT AND RECOMMENDATION

Plaintiffs *pro se* Daniel Ross and Audrey Ross bring this action against Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or the "Commissioner").[1] They seek judicial review of the Commissioner's determinations regarding overpayment of benefits. The Commissioner now moves to dismiss this matter without prejudice for lack of subject-matter jurisdiction because Plaintiffs have not exhausted their administrative remedies and because Plaintiffs do not raise a colorable constitutional claim such as to waive the exhaustion requirement. ECF No. 9. Under Standing Order 2014-01, this matter has been referred to the undersigned for pretrial management and for proposed findings of fact and recommendations under 28 U.S.C. § 636(b)(1)(B) and L.R. 301(5)(b)(ix). No hearing is necessary. L.R. 105(6).

---

[1] After naming R. Jeffries-Broxton, the Social Security Administration, and Carolyn W. Colvin "in [her] Individual person and official capacity" as Defendants in Plaintiffs' Complaint (ECF No. 1) and "Supplemental" or "Amended" Complaint (ECF Nos. 3, 4), Plaintiffs concede that the Commissioner in her official capacity should be the sole defendant in this case. Pls.' Corrected Opp'n to Mot. to Dismiss 3, ECF No. 14. Thus, it is **RECOMMENDED** that Defendants' Motion to Substitute and/or to Dismiss (ECF No. 8) be **GRANTED** and that Defendants R. Jeffries-Broxton, the Social Security Administration, and Carolyn W. Colvin in her individual capacity be **DISMISSED**.

For the reasons that follow, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 9) be **GRANTED** and that the case be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. 12(b)(1) for lack of subject-matter jurisdiction.

### BACKGROUND

On May 18, 2011, Plaintiff Daniel Ross filed with the Social Security Administration (the "SSA") an initial application for monthly retirement benefits. D.H. Ross Decl. ¶ 5(a), ECF No. 15; Osborne Decl. ¶ 5(a) & Ex. A, ECF Nos. 9-2, 9-3. In connection with his application, Mr. Ross estimated his anticipated earnings for the year. Osborne Decl. ¶ 5(b) & Ex. A, ECF Nos. 9-2, 9-3.[2] Mr. Ross also affirmed that he understood that, if he earned more than certain amounts, he could be liable for repaying any resulting overpayment of benefits. Osborne Decl. ¶ 5(b) & Ex. A, ECF Nos. 9-2, 9-3.

On May 23, 2011, Mr. Ross was awarded retirement benefits, and the SSA again informed him about certain applicable earnings limits. Osborne Decl. ¶ 5(c) & Ex. B, ECF Nos. 9-2, 9-4. Specifically, the SSA informed Mr. Ross that he could continue to work and still receive retirement benefits, but that, if he exceeded certain earnings limits, his benefit amounts would be reduced. Osborne Decl. ¶ 5(d) & Ex. B, ECF Nos. 9-2, 9-4. The SSA also informed Mr. Ross that, if at any time he anticipated that his earnings would exceed the expected earnings he denoted on his application for retirement benefits, he should contact the SSA and inform it accordingly. Osborne Decl. ¶ 5(d) & Ex. B, ECF Nos. 9-2, 9-4.

On April 17, 2012, Mr. Ross also applied for child's benefits on behalf of Plaintiff Audrey Ross, his disabled daughter. Osborne Decl. ¶ 5(e) & Ex. C, ECF Nos. 9-2, 9-5; D.H.

---

[2] Mr. Ross disputes that he estimated his anticipated earnings for the year, alleging that "[a]t no time did [he] affirm that [he] would stop work so long as [he] was bodily able and could work in connection with [his] application." D.H. Ross Decl. ¶ 5(b), ECF No. 15.

Ross Decl. ¶ 5(e), ECF No. 15.  On April 22, 2012, Ms. Ross was awarded monthly child's benefits on Mr. Ross's account, with Mr. Ross named as her representative payee.  Osborne Decl. ¶ 5(f) & Ex. D, ECF Nos. 9-2, 9-6; D.H. Ross Decl. ¶ 5(f), ECF No. 15.

In September 2012, the SSA became aware that Mr. Ross's earnings had exceeded the applicable earnings limits.  Osborne Decl. ¶ 5(g), ECF No. 9-2.  As a result, on September 18, 2012, the SSA notified Mr. Ross that it had overpaid Mr. Ross and his daughter in light of his earnings in 2011.  Osborne Decl. ¶ 5(h) & Ex. E, ECF Nos. 9-2, 9-7.  The SSA also informed Mr. Ross that he had a right to appeal the overpayment within sixty days of his receipt of the SSA's notice.  Osborne Decl. ¶ 5(i) & Ex. E, ECF Nos. 9-2, 9-7.  According to the SSA, Mr. Ross did not appeal the overpayment (Osborne Decl. ¶ 5(i), ECF No. 9-2), although Mr. Ross asserts that he did so (D.H. Ross Decl. ¶ 5(i), ECF No. 15).  The SSA also informed Mr. Ross that he had a right to request that the SSA waive recovery of the overpayment.  Osborne Decl. ¶ 5(j) & Ex. E, ECF Nos. 9-2, 9-7.

On September 21, 2012, Mr. Ross requested the SSA to waive recovery of the overpayment.  Osborne Decl. ¶ 5(k), ECF No. 9-2; D.H. Ross Decl. ¶ 5(k), ECF No. 15.  According to the SSA, Mr. Ross indicated that he did not intend to submit any documentation in support of his request (Osborne Decl. ¶ 5(k), ECF No. 9-2), although Mr. Ross asserts that he "needed time to drive home, gather the necessary documentation, [and] return to the Agency; however, the Agency was rushing all claimants in its office to finish and leave so it could close its doors until the next day for business as it pertained to social security benefits" (D.H. Ross Decl. ¶ 5(k), ECF No. 15).

On September 24, 2012, the SSA denied Mr. Ross's request for waiver of recovery of his overpayment.  Osborne Decl. ¶ 5(*l*), ECF No. 9-2; D.H. Ross Decl. ¶ 5(*l*), ECF No. 15.

According to the SSA, Mr. Ross did not appeal the SSA's September 24, 2012, denial of his request for a waiver (Osborne Decl. ¶ 5(*l*), ECF No. 9-2), although Mr. Ross asserts that he did so (D.H. Ross Decl. ¶ 5(*l*), ECF No. 15).

On March 25, 2013, Mr. Ross filed with the SSA another request for waiver of recovery of his overpayment.  Osborne Decl. ¶ 5(m), ECF No. 9-2; D.H. Ross Decl. ¶ 5(m), ECF No. 15. Mr. Ross subsequently scheduled an in-person appointment at the SSA's office in Camp Springs, Maryland.  Osborne Decl. ¶ 5(m), ECF No. 9-2; D.H. Ross Decl. ¶ 5(m), ECF No. 15.  On April 2, 2013, Mr. Ross met with an SSA representative and agreed that $170 per month would be withheld from his monthly retirement benefits to reduce the amount of the overpayment until the overpayment was repaid.  Osborne Decl. ¶ 5(n) & Ex. F, ECF Nos. 9-2, 9-8.

On January 7, 2014, Mr. Ross filed with the SSA another request for waiver of recovery of the overpayment.  Osborne Decl. ¶ 5(o), ECF No. 9-2; D.H. Ross Decl. ¶ 5(o), ECF No. 15. On September 19, 2014, Plaintiffs filed a Complaint in this Court.  ECF No. 1.  On September 24, 2014, the SSA denied Mr. Ross's request for waiver of recovery of the overpayment. Osborne Decl. ¶ 5(p) & Ex. G, ECF Nos. 9-2, 9-9; D.H. Ross Decl. ¶ 5(p), ECF No. 15. According to the SSA, Mr. Ross did not appeal this denial (Osborne Decl. ¶ 5(q), ECF No. 9-2), although Mr. Ross asserts that he did so (D.H. Ross Decl. ¶ 5(q), ECF No. 15).

On October 27, 2014, Plaintiffs supplemented or amended their Complaint.  ECF Nos. 3, 4.  The Commissioner seeks to dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because of Plaintiffs' failure to exhaust administrative remedies.  ECF No. 9.  In response, Plaintiffs filed an Opposition (ECF No. 12) and a corrected Opposition (ECF No. 14).

## STANDARD OF REVIEW

Motions to dismiss for lack of subject-matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject-matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768; *see Gilbert v. Freshbikes, LLC*, 32 F. Supp. 3d 594, 599 (D. Md. 2014); *Fletcher v. Soc. Sec. Admin.*, Civil Action No. DKC 09-1188, 2010 WL 147800, at *2 (D. Md. Jan. 11, 2010).

## DISCUSSION

Defendant maintains that Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiffs failed to exhaust administrative remedies. Def.'s Mem. Supp. Mot. Dismiss 5-8, ECF No. 9-1. Defendant further contends that Plaintiffs' constitutional claims asserted in an attempt to create subject-matter jurisdiction fail because these claims are inextricably intertwined with their claim for benefits and do not obviate the exhaustion requirement. *Id.* at 9-10. Defendant also maintains that Plaintiffs' constitutional and "liberty interest" arguments are meritless. Def.'s Reply Supp. Mot. Dismiss 5, ECF No. 17.

A.     **Administrative Review Process**

The general federal-question jurisdiction statute, 28 U.S.C. § 1331, does not establish subject-matter jurisdiction for an action challenging a decision of the Commissioner, 42 U.S.C. § 405(h), and instead has allowed such jurisdiction only after the Commissioner has rendered a final decision. *Chong Su Yi v. Soc. Sec. Admin.*, __ F. Supp. 3d __, Civil Action No. TDC-14-0370, 2015 WL 224947, at *3 (D. Md. Jan. 14, 2015); *see* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."). Thus, plaintiffs must exhaust all administrative remedies before bringing a claim in federal court. *Yi*, 2015 WL 224947, at *3 (citing *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S. Ct. 2013, 2023 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 763-64, 95 S. Ct. 2457, 2465-66 (1975); *Hopewell Nursing Home, Inc. v. Heckler*, 784 F.2d 554, 557 (4th Cir. 1986)); *see Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 2291-92 (1987).

A final decision by the Commissioner is reached after a four-step administrative review process established by the SSA. *Yi*, 2015 WL 224947, at *3 (citing 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5)). At the first step, an initial determination is made about a claimant's entitlement to benefits. *Id.* (citing 20 C.F.R. §§ 404.900(a)(1), 416.1400(a)(1)). If the claimant is not satisfied with the initial determination, he may pursue the second step and ask for reconsideration. *Id.* (citing 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2)). The third step involves a hearing before an ALJ to review the decision. *Id.* (citing 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3)). Fourth and finally, the claimant may request a review before the Appeals Council. *Id.* (citing 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4)). "Once the claimant has

exhausted these administrative remedies, he may seek review in federal district court." *Yuckert*, 482 U.S. at 142, 107 S. Ct. at 2291; *see Salfi*, 422 U.S. at 763-64, 95 S. Ct. at 2465-66 (noting that final decision is requirement for judicial review); *Roberson v. Barnhart*, 314 F. Supp. 2d 505, 507-08 (D. Md. 2003).

In *Grice v. Colvin*, __ F. Supp. 3d __, No. GJH-14-1082, 2015 WL 1517243, at *1-3 (D. Md. Mar. 31, 2015), this Court reviewed the SSA's authority to collect overpayments under 42 U.S.C. § 404(a)(1). As the Court noted in *Grice*, the SSA's ability to recoup overpayments is limited by 42 U.S.C. § 404(b), which provides that "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." Once the SSA determines that an overpayment was made, the SSA must send to the allegedly overpaid individual written notice as set forth in 20 C.F.R. § 404.502a. *Grice*, 2015 WL 1517243, at *2 (citing 20 C.F.R. § 404.502a).

After receiving notice of the initial determination, the allegedly overpaid individual has the right to request reconsideration of the overpayment decision. *See* 20 C.F.R. § 404.907.[3] A reconsideration request must be made within sixty days of the initial determination of overpayment, but the time may be extended for good cause if, for instance, the individual never received notice of the initial overpayment decision. *See id.* §§ 404.909, 404.911. If the allegedly overpaid individual requests reconsideration, then the SSA will review the case and issue written notice of its decision. *See id.* §§ 404.913, 404.922. If the individual does not agree with the reconsideration decision, then he or she can request a hearing before an ALJ. *See id.* § 404.921.

---

[3] If the individual is appealing an initial determination denying his or her request for waiver of adjustment or recovery of an overpayment under 20 C.F.R. § 404.506, then the individual may be heard before an ALJ. 20 C.F.R. § 404.907.

After the hearing, the ALJ will issue a decision on the issue, which can be appealed to the SSA's Appeals Council. *See id.* § 404.955. The Appeals Council can decide to review the case or deny the request for review. *See id.* Once the Appeals Council has denied the request for review or reviewed the case and issued a decision, the allegedly overpaid individual can file an action in a federal district court within sixty days of the decision. *See id.* § 404.981; *see also Grice*, 2015 WL 1517243, at *2.

Instead of or in addition to reconsideration, an allegedly overpaid individual can ask the SSA to waive the overpayment. An individual's overpayment can be waived if the individual shows that he or she is without fault in causing the overpayment and that "adjustment or recovery would either defeat the purpose of title II of the Act . . . or be against equity and good conscience." 20 C.F.R. § 404.506(c). If waiver of the overpayment is requested, then the SSA will decide if a waiver may be approved. *See id.* If waiver cannot be approved simply on review of the information and documentation provided to the SSA, the individual is then notified that a file review and a personal conference will take place. *See id.* During the personal conference, the individual and his or her representative can review the "claims file and applicable law and regulations with the decisionmaker." *See id.* § 404.506(d). After the personal conference, the SSA will issue a written decision that specifies the "findings of fact and conclusions in support of the decision to approve or deny waiver" and advises the individual of the right to appeal the decision. *See id.* § 404.506(g). If the individual does not appear for the conference, the SSA will make a decision on the waiver request based on the written evidence. *See id.* § 404.506(h). If the waiver request is denied without a conference, the individual can request reconsideration of the decision. *See id.* Both the denial of the waiver request after a personal conference and the

decision on reconsideration can be appealed to an ALJ. *See id.* § 404.930(a). After that, the appeals process is the same process described above. *Grice*, 2015 WL 1517243, at *2.

**B.     Plaintiffs Did Not Exhaust Administrative Remedies**

Here, the SSA's determination to withhold less than the full amount of a claimant's monthly benefit to recover an overpayment is not an initial determination subject to the administrative review process and thus is not subject to judicial review. 20 C.F.R. § 404.903(e). To the extent that Plaintiffs challenge the SSA's withholding of a portion of their monthly benefits, this administrative action is not an initial determination subject to judicial review. *See Taylor v. Soc. Sec.*, No. 4:12-CV-39, 2013 WL 1098145, at *4 (E.D. Va. Feb. 4, 2013) ("Without an 'initial determination' by the SSA under 20 C.F.R. § 404.902, there can be no 'final decision' by the Commissioner that would allow this Court to exercise subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g)."), *report and recommendation adopted*, No. 4:12CV39, 2013 WL 1098103 (E.D. Va. Mar. 14, 2013), *aff'd mem. per curiam*, 528 F. App'x 375 (4th Cir. 2013). Thus, the Court lacks subject-matter jurisdiction to review the amount to be withheld from Plaintiffs' benefits to repay the overpayment.

Alternatively, if Plaintiffs are challenging the SSA's determinations regarding the existence of any overpayment of their benefits or whether an overpayment of benefits must be repaid to the SSA, these determinations are initial determinations subject to the administrative review process. *See* 20 C.F.R. § 404.902(j), (k). Assuming that Mr. Ross did, in fact, appeal the SSA's initial determinations denying his requests for waiver of recovery of the overpayment, however, there is no evidence that he obtained a final decision of the Commissioner through exhaustion of administrative remedies pursuant to 42 U.S.C. § 405(g). The Court thus lacks subject-matter jurisdiction.

C.  **Plaintiffs Do Not Assert a Colorable Constitutional Claim Collateral to the Merits**

"[T]he requirement of a 'final decision' [under 42 U.S.C. § 405(g)] may be waived if the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits," however. *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-31, 96 S. Ct. 893, 900-01 (1976)). "The constitutional claim . . . must be entirely collateral to the substantive claim for benefits, such as claims challenging the system-wide failure to follow applicable regulations or claims seeking to invalidate a rule used to determine eligibility for benefits." *Yi*, 2015 WL 224947, at *4 (citing cases). "A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). Further, exhaustion is not "to be excused whenever a claimant alleges an irregularity in the agency proceedings." *Bowen v. City of New York*, 476 U.S. 467, 485, 106 S. Ct. 2022, 2032 (1986). In other words, a claim is not "collateral" to the merits, and thus does not support premature judicial intervention, if it alleges mere deviation from the applicable regulations in the claimant's particular administrative proceeding. *Id.* at 484, 106 S. Ct. at 2032; *Varandani*, 824 F.2d at 312.

In addition, "[a] claim is colorable if it is not 'wholly insubstantial, immaterial, or frivolous.'" *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (quoting *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)). In other words, a constitutional claim should be dismissed if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946); *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984). The "exhaustion requirement of section 405(g) does not apply to a due process claim 'entirely collateral' to a substantive claim, if the plaintiff has raised 'at least a colorable claim' that

erroneous deprivation prior to exhaustion of administrative remedies would harm him in a way that could not be recompensed." *Ram v. Heckler*, 792 F.2d 444, 446 (4th Cir. 1986) (quoting *Eldridge*, 424 U.S. at 330-31, 96 S. Ct. at 900-01). A plaintiff "bears the burden of proving that his claims of infringed liberty and property are colorable; otherwise there can be no claim of inadequate due process." *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986).

In their Complaint, Plaintiffs alleged constitutional violations of the First, Fourth, Fifth, and Thirteenth Amendments. Compl. ¶¶ 1-2, 16, 19, 21, ECF No. 1. Plaintiffs' "Supplemental" or "Amended" Complaint states, however, that Mr. Ross

> claims he has a liberty interest in his right-to-work and continued employment as a U.S. citizen without incidents or badges of slavery prohibited by the Thirteenth Amendment and asserts two substantive-due-process claims: that the [SSA] infringed upon his fundamental rights to the freedom of life, liberty, property, and the pursuit of happiness to work and continue employment even after having earned and applied for social security retirement benefits. DH Ross' second substantive-due-process amendment claims that the [SSA] violated his []substantive due process right to pursue his career as a productive tax-paying law-abiding citizen.

Am. Compl. at 3, ECF No. 4. Further,

> [i]n their amended complaint, plaintiffs allege that the [SSA] deprived them of three constitutionally recognized interests without any process: (1) a property interest in DH Ross' continued employment as a U.S. citizen; (2) a property interest in the social security tax on his earnings and the contract interest in the benefits that justify the tax; and (3) a legitimate expectation to lawfully earn any amount of money they can without arbitrary governmental action, or interference, so long as they pay their fair share of taxes, pursuant to the Thirteenth Amendment's prohibition.

*Id.* at 4; *see* Pls.' Corrected Opp'n to Mot. to Dismiss 13-14, ECF No. 14.

Plaintiffs' "challenge to the unconstititutionality of the [SSA's] policy and practice restricting [Plaintiffs'] liberty and property interest" arguably raises a collateral claim. Am. Compl. at 1, ECF No. 4. The Court should find, however, that Plaintiffs' challenge to "the constitutionality of the [SSA's] policy and practice with respect to the overpayment itself" (*id.* at

11

2), even if a collateral claim, is not colorable because it is frivolous and made solely for the purpose of obtaining jurisdiction. "[W]hile the Due Process Clause of the Fifth and Fourteenth Amendments protects the right to engage in the occupation of one's choosing as a liberty interest, that protection is not absolute." *United States v. Hopkins*, 927 F. Supp. 2d 1120, 1175 (D.N.M. 2013). Further, "[s]ocial security benefits are noncontractual benefits under a social welfare system and Congress has reserved the right to modify the scheme of benefits." *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987) (citing *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S. Ct. 1367, 1373 (1960)). Thus, there is no constitutionally protected property interest in Social Security benefits. *Nestor*, 363 U.S. at 611, 80 S. Ct. at 1373; *see Davis*, 825 F.2d at 801 (blanket suspension of prisoner's Social Security retirement benefits under 42 U.S.C. § 402(x) "is consistent with the statutory grant of discretion and rationally promotes the legitimate underlying congressional policy goal of conserving scarce social security resources where a prisoner's basic economic needs are provided from other public sources"). Because Plaintiffs assert no colorable constitutional claims that would waive the requirement of exhaustion of administrative remedies, the Court should dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.[4]

---

[4] Waiver of the exhaustion requirement alternatively requires the additional elements of irreparable harm to the claimants and futility of exhaustion. *See Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986) ("[E]xhaustion of administrative remedies may be excused if the claim is collateral to the claim for benefits, the claimants would be irreparably harmed, and relief is consistent with policies underlying the exhaustion requirement."); *see also McDonald v. Centra, Inc.*, 946 F.2d 1059, 1063 (4th Cir. 1991) ("There are several exceptions to the requirement that parties exhaust administrative remedies before seeking refuge in federal courts. These include those instances where (1) the dispute is a matter of statutory construction; (2) the utilization of administrative procedures would cause irreparable injury; and (3) the resort to administrative procedures would be futile."). Plaintiffs fail to demonstrate that requiring them to exhaust administrative remedies would irreparably harm them, however. Further, requiring Plaintiffs to exhaust administrative remedies in this case would serve the policies underlying exhaustion "in order to establish a detailed factual record and permit the agency to apply its expertise." *Bass v.*

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended as follows:

(1) The Court **GRANT** Defendants' Motion to Substitute and/or to Dismiss (ECF No. 8);

(2) The Court **GRANT** Defendant's Motion to Dismiss (ECF No. 9);

(3) The Court **DISMISS WITHOUT PREJUDICE** Plaintiffs' "Supplemental" or "Amended" Complaint (ECF Nos. 3, 4); and

(4) The Court **CLOSE** this case.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be served and filed within seventeen days of the date of this Report and Recommendation under Fed. R. Civ. P. 6(d), 72(b), and L.R. 301(5)(b). Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within seventeen days after the date of this Report and Recommendation may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Date: July 29, 2015

/s/
Thomas M. DiGirolamo
United States Magistrate Judge

---

*Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). Plaintiffs' pursuit of administrative remedies thus would not be futile. In any event, the regulations provide for an expedited appeals process by which a claimant may proceed to federal court without first completing the administrative review process. 20 C.F.R. §§ 404.900(a)(6), 404.923-.928. It does not appear from the record that Plaintiffs complied with this process before filing their Complaint.