IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL HUBERT ROSS, et al.     :

    :

    v.     :  Civil Action No. DKC 14-2967

    :

CAROLYN W. COLVIN,
Acting Commissioner, Social     :
Security Administration[1]

    :

**MEMORANDUM OPINION**

This case was referred to Magistrate Judge Thomas DiGirolamo for pretrial management and a report and recommendation for disposition. (ECF No. 16). On July 29, 2015, Judge DiGirolamo filed a Report and Recommendation, recommending that Carolyn W. Colvin be substituted as Defendant, and that Defendants' motion to dismiss be granted. (ECF No. 20). On August 14, 2015, Plaintiffs filed an objection accompanied by exhibits. (ECF No. 21).

Pursuant to 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings and report proposed findings of fact and recommendations for action on a dispositive motion. Thereafter,

---

[1] After initially naming R. Jeffries-Broxton, the Social Security Administration, and Carolyn W. Colvin as Defendants, Plaintiffs have agreed that Ms. Colvin, in her official capacity, is the proper Defendant. (ECF Nos. 20, at 1; 14, at 3).

> A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed.R.Civ.P. 72(b)(2). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). But, the Court "need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F.Supp. 153, 154 (D.Md.1993). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315–16 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee note), *cert. denied*, 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006).

*Baltimore Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 534–35 (D.Md. 2011).

Magistrate Judge DiGirolamo recommends that the complaint be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it is barred by the Social Security Act, 42 U.S.C. § 405(g), and because Plaintiffs have not exhausted their administrative remedies. Judge DiGirolamo also noted that Plaintiffs' alleged constitutional claims are not sufficient to bypass the exhaustion requirement because they are not colorable and are not collateral to the merits of a claim for benefits. *See Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing

*Mathews v. Eldridge*, 424 U.S. 319, 330-31 (1976)).  Plaintiffs'

objection does not challenge the fact that they did not exhaust

their administrative remedies or that a potential substantive

claim for benefits is not presently actionable.  (ECF No. 21, at

2).  Instead, Plaintiffs reassert their constitutional claims.

(*Id.*).  This court does not have subject matter jurisdiction

over Plaintiffs' constitutional claims unless they are

collateral and colorable.  As Judge DiGirolamo noted:

> "A claim is colorable if it is not 'wholly
> insubstantial, immaterial, or frivolous.'"
> *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.
> 1987 (quoting *Boettcher v. Sec'y of Health &
> Human Servs.*, 759 F.2d 719, 722 (9th Cir.
> 1985)).  In other words, a constitutional
> claim should be dismissed if it clearly
> appears to be immaterial and made solely for
> the purpose of obtaining jurisdiction or is
> wholly insubstantial or frivolous.  *Bell v.
> Hood*, 327 U.S. 678, 682-83 (1946); *Holloway
> v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir.
> 1984).

(ECF No. 20, at 10).

Plaintiffs' argue that the Social Security Administration's

("SSA") "procedures used to determine the amount of money

[Plaintiffs] can earn" in wages while receiving Social Security

benefits are unconstitutional.  (ECF No. 1, at 2).  First,

Plaintiffs allege that "the government's restriction of [their]

liberty interests to earn a livelihood to make ends meet"

violates the Thirteenth Amendment.  (*Id.*).  Plaintiffs'

Thirteenth Amendment argument appears to be based on the belief

3

that the SSA's reduction in benefits due to wages earned is a "badge[] of slavery" that restricts Plaintiffs' "liberty interest in [their] right-to-work and continued employment." (ECF No. 4, at 3).  Plaintiffs' assertion that the SSA infringed on their ability to work and earn a living is simply not correct because there were no absolute restrictions on the amount Plaintiffs could work.  Rather, the SSA, pursuant to statute and regulation, reduced the monthly benefits Plaintiffs received to offset unreported wages earned.  Plaintiffs, despite their policy disagreement, have made no colorable claim that the SSA's conduct, or the applicable statutes and regulations, is an incident or badge of slavery that violates the Thirteenth Amendment.

Plaintiffs then argue that this reduction in benefits is a violation of their constitutionally protected "life, liberty, [and] property" interests.  (ECF No. 4, at 3).  The reduction in Plaintiffs' benefits is not, however, a constitutional violation because "a noncontractual claim to receive funds from the public treasury [such as Social Security] enjoys no constitutionally protected status."  *Weinberger v. Salfi*, 422 U.S. 749, 772 (1975); *see also Flemming v. Nestor*, 363 U.S. 603, 616-17 (1960); *Davis v. Bowen*, 825 F.2d 799, 800 (4th Cir. 1987) (citing *Flemming*, 363 at 611).  As such, "Congress has reserved the right to modify the scheme of benefits," and "[s]uspension of

benefits is unconstitutional 'only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification' and not rationally related to legitimate goals." *Davis*, 825 F.2d at 800 (citing *Flemming*, 363 U.S. at 611).   Much like in *Salfi*, "[t]he Constitution does not preclude" a rule reducing benefits based on wages earned.   *See Salfi*, 422 U.S. at 785.   Such a rule is not "patently arbitrary" or "utterly lacking in rational justification," and Plaintiffs' arguments challenging its constitutionality are not colorable.   Rather, Plaintiffs' claim should be styled as one challenging the SSA's determination as to their individual benefits.   If Plaintiffs feel their benefits were improperly reduced, they must follow the SSA's appeal process outlined in 20 C.F.R. § 404.900, but they have not stated a colorable constitutional claim that would give this court subject matter jurisdiction prior to exhaustion of administrative remedies.[2]   For the foregoing reasons, after a review of the record, the court will overrule Plaintiffs' objections and adopt the Report and Recommendation, by separate order.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

---

[2]     Plaintiffs allege that they attempted to appeal various SSA determinations, but the record, including Plaintiffs' exhibits, indicate that, if Plaintiffs did attempt to appeal any of the determinations, they did not follow proper procedures.